OPINION
Defendant-appellant John Mills appeals from a judgment and decree of divorce. Mills contends that the trial court erred in awarding spousal support, because it did not base its award upon plaintiff-appellee Kay Mills' need and did not consider his ability to pay. Mr. Mills also contends that the trial court erred when it permitted Ms. Mills to testify concerning her physical condition. Finally, Mr. Mills contends that the trial court erred when it allowed Ms. Mills to offer her opinion concerning the value of property in which she had an ownership interest.
We conclude that the record fails to support Mr. Mills' contention that the trial court did not base its award of spousal support upon Ms. Mills' need and did not consider Mr. Mills' ability to pay. We further conclude that the trial court appropriately allowed Ms. Mills to testify concerning her first-hand knowledge of her physical condition, while disallowing her testimony concerning the proximate cause of her physical condition. Finally, we conclude that an owner of property is always permitted to offer an opinion as to the value of the property.
Accordingly, the judgment of the trial court is Affirmed.
 I
The parties had been married thirty years when Ms. Mills filed this action for divorce. They had three children, two of whom were emancipated. The third child became emancipated less than six months after the judgment and decree of divorce. Following a hearing, the trial court awarded a divorce to both parties, and entered a judgment and decree of divorce that divided their property and marital debts, awarded Ms. Mills spousal support in the amount of $2,000 per month, indefinitely, retaining jurisdiction to modify that award, awarded custody of the one minor child to Mr. Mills, apparently by agreement of the parties, and awarded appropriate child support in a lump sum to be set off against an asset that was awarded to Ms. Mills. The judgment and decree of divorce contained various, appropriate provisions not relevant to this appeal.
From the judgment and decree of divorce, Mr. Mills appeals.
 II
Mr. Mills' First Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT BASE THE SPOUSAL SUPPORT ORDER ON PLAINTIFF-APPELLEE'S NEED FOR SUPPORT VERSUS DEFENDANT-APPELLANT'S ABILITY TO PAY.
In its judgment and decree of divorce the trial court recited R.C. 3103.03(A), which provides the duty of each married person to support both spouses to the extent of his or her ability to do so. The trial court then recited R.C. 3105.18, which provides discretion for a trial court to award spousal support in a divorce prior to releasing the spouses from their reciprocal support obligations. In a lengthy discussion, the trial court recited the factors set forth in R.C. 3105.18(C)(1), and some of the case law pertaining to awards of spousal support.
The trial court then made its award of spousal support to Ms. Mills, at the rate of $2,000 per month, to continue indefinitely, subject to the continuing jurisdiction of the court to modify the award. The trial court expressly recited that its determination of spousal support was based, in part, upon the following factors:
 The property and debt division awarded herein, in part by the agreement of the parties;
The 31-year duration of the marriage;
plaintiff's age of 50, and poor health;
plaintiff's education, and lack of job experience;
 the plaintiff's current annual employment income of zero due to her medical disability;
 plaintiff's potential income of a maximum $8,320 per year, representing her earning capacity from half-time employment, if she is medically released from employment;
defendant's age of 51, and good health;
defendant's education, and established skills;
 defendant's annual earning capacity of $60,581, represented by his gross earnings for the past year;
the taxability of spousal support to plaintiff;
the tax deductibility of spousal support to defendant;
 the retirement benefits of the parties as divided herein;
 the standard of living established by the parties during the marriage;
 the current living expenses in each party's household, as indicated by each party's testimony and most recent financial affidavit;
 the plaintiff's contributions during the marriage to defendant's earning ability and to raising the parties' three children, at a sacrifice to her own ability to develop marketable workplace skills and experience;
 the annual anticipated cost to plaintiff of $3,600 to 4,800 for COBRA benefit health insurance if she is not able to return to work;
 each party's obligations to third parties under the property and debt division allocations herein, with the acknowledgment that the defendant's debt obligations will exceed plaintiff's.
Mr. Mills does not argue that any of the above-quoted factors is not supported in the record. Instead, Mr. Mills makes a somewhat conclusory argument that the award of spousal support is not based upon need.
By definition, spousal support is a payment "that is both for sustenance and for support of the spouse or former spouse." R.C.3105.18(A). Sustenance is defined in Webster's Third International Dictionary as follows:
 1a: means of support, maintenance, or subsistence : LIVING . . . b (1) : FOOD, REFRESHMENTS . . . (2) :
NOURISHMENT . . . 2a: the act of sustaining or the state of being sustained b: a supplying or being supplied with the necessaries of life 3: something that gives support, endurance, or strength.
In the context of spousal support, especially considering the factors that a trial court is directed to consider pursuant to R.C. 3105.18(C)(1), we conclude that "sustenance" means something more than sustaining physical existence, i.e., remaining alive. Where a marriage of long-term duration is being dissolved, the thing being sustained by an award of spousal support is appropriately a standard of living comparable to that enjoyed during the marriage, subject, of course, to the obligor spouse's correlative ability to enjoy a standard of living comparable to that enjoyed during the marriage. The economics of divorce are that, in most cases, neither party is going to be able to maintain a standard of living fully equal to the standard of living enjoyed during the marriage, at least for an initial period of time following the divorce. However, where the parties have been married a long time, and the earning abilities of the two parties, along with their other resources, are substantially unequal, it is appropriate to base an award of spousal support upon the obligee spouse's need for assistance in maintaining a standard of living that is not far removed from the standard of living enjoyed during the marriage.
We find no indication in this record that the trial court failed to follow this principle. Evidence in the record supports the trial court's conclusion that the plaintiff-appellee was under a medical disability currently preventing her from working to support herself, and that her potential income, when and if she should be released from her medical disability, would be severely limited. Under these circumstances, we cannot say that the award of spousal support, in the amount of $2,000 per month, was not based upon Ms. Mills' need.
Furthermore, the trial court's findings concerning Mr. Mills' earning ability find support in the record. Given these findings, we cannot say that the trial court failed to consider Mr. Mills' ability to pay in making its award of spousal support.
Mr. Mills' First Assignment of Error is overruled.
 III
Mr. Mills' Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, WHEN IT ADMITTED THE TESTIMONY OF PLAINTIFF-APPELLEE CONCERNING HER MEDICAL CONDITION.
Mr. Mills has not favored us with references to the place in the record where the error of which he complains is reflected. However, we have reviewed the record of Ms. Mills' testimony, and we are satisfied that the trial court ruled appropriately with respect to each objection Mr. Mills interposed. Where the question called for an opinion concerning medical causation, the objection was sustained. Where the question merely called for Ms. Mills to testify concerning her own, first-hand experience of her physical condition, the objection was overruled. Her testimony concerning her own, first-hand experience of her physical condition was not in the nature of opinion testimony requiring expertise, pursuant to Evid.R. 702.
Mr. Mills' Second Assignment of Error is overruled.
 IV
Mr. Mills' Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT PERMITTED PLAINTIFF-APPELLEE TO TESTIFY AS TO THE VALUE OF THE CONDOMINIUM AND THE REASON ITS VALUE WAS LOWER.
The parties jointly owned the condominium that was awarded to Ms. Mills. Ms. Mills was permitted to testify as to her opinion as to the value of that property. An owner is permitted to testify concerning the value of her property without being qualified as an expert, because she is presumed to be familiar with it from having purchased or dealt with it. Tokles Son,Inc. v. Midwestern Indem. and Co., (1992), 65 Ohio St.3d 621, second paragraph of syllabus.
Mr. Mills' Third Assignment of Error is overruled.
 V
All of Mr. Mills' assignments of error having been overruled, the judgment of the trial court is Affirmed.
Appeal from WOLFF and KOEHLER, JJ., concur.
(Honorable Richard N. Koehler, Retired from the Twelfth District Court of Appeals, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Lawrence J. White
C. Douglas Mort
Hon. V. Michael Brigner